| Case No. | 5:19-cv-02447-CAS (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | WESTERN STATES TRUCKING ASSOCIATION v. BECERRA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| PATRICIA BLUNT | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) INTERVENOR-DEFENDANT'S MOTION TO INTERVENE (ECF No. 15, filed on February 10, 2020)

## I. INTRODUCTION & BACKGROUND

The Court determines that decision upon this motion is appropriate without hearing. See Fed. R. Civ. Proc. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing date of March 9, 2020, is hereby vacated, and the matter is hereby taken under submission.

Plaintiff Western States Trucking Association ("WSTA"), a nonprofit trade association of companies and motor carriers that provide trucking services, filed this action against California Attorney General Xavier Becerra ("California" or "the State") on December 19, 2019 to challenge the constitutionality and prevent the enforcement of California Labor Code §§ 2750.3(f)(8)(A)(iii), 2750.3(f)(8)(A)(iv), and 2750.3(f)(8)(B) (collectively "the Labor Code Subdivisions"), which were enacted pursuant to California Assembly Bill 5 (2019) ("AB 5") and became law on January 1, 2020. See ECF No. 1 ("Compl."). The complaint alleges that the Labor Code Subdivisions directly impact the prices, routes, and services of the motor carrier members of WSTA and are therefore preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"). Id. at 2.

On February 10, 2020 the International Brotherhood of Teamsters ("IBT"), a labor organization representing, among others, drivers in the construction industry, filed a motion to intervene as defendants in this action pursuant to Federal Rule of Civil Procedure 24. See ECF No. 15-1 ("MTI"). WSTA filed an opposition to the motion on February 18, 2020. See ECF No. 16 ("MTI Opp."). The State does not oppose the motion. See ECF No. 17 ("State Non-Opp"). IBT filed a reply on February 24, 2020. See ECF No. 19 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-02447-CAS (KKx) | Date | March 2, 2020 |
| Title | WESTERN STATES TRUCKING ASSOCIATION v. BECERRA, ET AL. | | |

Having considered the parties arguments, and the submissions in support thereof, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A party may intervene pursuant to Federal Rule of Civil Procedure 24 either as of right, or with permission of the Court. "A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). A party who satisfies each of these requirements must be permitted to intervene. Id.

By contrast, "[a] motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." San Jose Mercury News, Inc v. U.S. Dist. Ct., 187 F.3d 1096, 1100 (9th Cir. 1999). The Ninth Circuit has set forth three prerequisites that an applicant seeking permissive intervention under Rule 24(b) must establish: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Id. (internal quotation omitted).

## III. DISCUSSION

The IBT proposes to intervene in this action as of right, or in the alternative, permissively. See MTI. In accordance with the following, the Court finds intervention as of right appropriate and therefore does not need to consider whether permissive intervention is appropriate.

### A. Timeliness

To determine whether a motion to intervene is timely, the Court considers three factors: (1) the stage of the proceeding at which intervention is sought; (2) any prejudice to existing parties; and (3) the reason for and length of any delay. United States v. Oregon, 913 F.2d 576, 588-89 (9th Cir. 1990). A motion to intervene is generally considered timely if it is filed soon after a complaint, prior to any substantive proceedings. See Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-02447-CAS (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | WESTERN STATES TRUCKING ASSOCIATION v. BECERRA, ET AL. | | |

Here, the IBT seeks to intervene at the very outset of litigation. No responsive pleading has been filed, the Rule 26(f) pretrial conference has not yet occurred, and discovery has not commenced. Indeed, WSTA concedes that the motion is timely. See Opp. at 8. Accordingly, this requirement is satisfied.

### B. Significant Protectable Interest

Second, the IBT must demonstrate a "significant[] protectable interest" in the case. Arakaki, 324 F.3d at 1083. This requirement should be construed expansively, see Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co., 386 U.S. 129, 132-36 (1967), so that an interest is "significantly protectable" when "the interest is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue." Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011). For example, a prospective intervenor has a "significant protectable" interest when it "will suffer a practical impairment of its interests as a result of the pending litigation." Id.

IBT argues that it has a significant protectable interest in this matter because it represents drivers protected by the Labor Code Subdivisions that WSTA seeks to enjoin. See MTI at 9-11. Specifically, IBT contends that its members would lose job opportunities, and suffer diminished workplace standards if WSTA were to succeed on its claim that the FAAAA preempts the application of AB 5's labor rules to the trucking industry. See generally ECF No. 15-2 ("Raymond Decl."). WSTA opposes on grounds that IBT members will not "necessarily be better off if they are classified as employees rather than as independent contractors." Opp. at 6 (characterizing IBT's argument as relying on a "false premise").

The Ninth Circuit, however, has repeatedly recognized that the IBT has significant protectable interests in cases like this one that challenge the validity of labor laws that IBT claims benefit its members. See Californians For Safe & Competitive Dump Truck Transp. v. Mendonca, 152 F.3d 1184, 1190 (9th Cir. 1998) (finding that IBT's members had a significant interest that justified intervention in a case challenging rules that, IBT claimed, ensured that its members "receiv[ed] the prevailing wage for their services as opposed to a substandard wage"); Allied Concrete and Supply Co. v. Baker, 904 F.3d 1053, 1067-8 (9th Cir. 2018) (reversing the district court's denial of the IBT's motion to intervene, and holding that IBT had a "significant, protectable interest" justifying intervention, when IBT claimed that a rule maintaining a statutory wage floor benefited its members, even though all of the IBT's members were already subject to collective bargaining agreements).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-02447-CAS (KKx) | Date | March 2, 2020 |
| Title | WESTERN STATES TRUCKING ASSOCIATION v. BECERRA, ET AL. | | |

Following these precedents, the Court finds that IBT has claimed a significant protectable interest in this litigation. The loss of job opportunities and diminished workplace standards are the sorts of interests, like wages and other benefits, that IBT exists to protect. The Court accordingly concludes that this requirement is satisfied.

### C. Practical Impairment of Interest

Third, to establish intervention by right, the potential intervenor is required to show that an unfavorable disposition of the pending litigation "will result in [the] practical impairment" of its interests. Arakaki, 324 F.3d at 1083. This standard is met even if a prospective intervenor cannot establish with "absolute certainty" that its "interests will be impaired." Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 900 (9th Cir. 2011).

The IBT argues that its interests would be impaired by an adverse decision in this case because such a decision would interfere with IBT's efforts to oppose the misclassification of its members, and to ensure that its members' employers are not underbid by competitors that save costs by misclassifying their drivers as independent contractors. See MTI at 11-12 (citing Raymond Decl.). In opposition, WSTA essentially contends that IBT's concerns are speculative, and that IBT would, in any case, have recourse to mitigate those concerns pursuant to the procedures and standards in place prior to the passage of AB 5. See Opp. at 8.

The Court finds that the Ninth Circuit's prior decisions in Mendonca and Allied Concrete are determinative of this requirement, as well. In those cases, the Ninth Circuit held that IBT had established practical impairment by asserting that the invalidation of the wage laws challenged in those cases would negatively impact its members by depriving them of the claimed benefits of their protection. Mendonca, 152 F.3d at 1190; Allied Concrete, 904 F.3d at 1068. The same reasoning is applicable to the factual assertions that IBT makes here. See generally Raymond Decl. The Court therefore concludes that the IBT has made a sufficient showing that denying intervention "will result in practical impairment" for IBT's interests. Arakaki, 324 F.3d at 1083.

### D. Adequate Representation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-02447-CAS (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | WESTERN STATES TRUCKING ASSOCIATION v. BECERRA, ET AL. | | |

To intervene by right, IBT must also establish that the existing parties do not adequately represent the IBT's interests. This requirement is satisfied if IBT "shows that representation of [its] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972). The Ninth Circuit has considered several factors to determine the adequacy of representation, including (1) whether the parties "will undoubtedly make all of the intervenor's arguments;" (2) whether the parties are "capable of and willing to make such arguments;" and (3) "whether the intervenor offers a necessary element to the proceeding that would be neglected." Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir. 1983).

Courts in this circuit have repeatedly recognized that the interests of labor union intervenors in protecting their members are more "narrow" and "parochial" than state officials' broader and more abstract interests in defending state laws. See, e.g., Allied Concrete, 904 F.3d at 1053 ("IBT's interests are potentially more narrow than the public's at large, and the State's representation of those interests '*may have been* inadequate'.") (emphasis in original) (quoting Mendonca, 152 F.3d at 1190); see also Air Conditioning Trade Ass'n v. Baker, No. 12-CV-00132-KJM (DAD), 2012 WL 3205422, at *5 (E.D. Cal. July 31, 2012) (granting labor organization leave to intervene as of right in contractors' challenge to standards for expansion of state-approved apprenticeship programs based on finding that representation by existing parties was inadequate because "the state defendants have a broader interest than [the union] as the proposed intervenor"); Golden Gate Rest. Ass'n v. City and County of San Francisco, No. 06-CV-06997-JSW, 2007 WL 1052820, at *4 (N.D. Cal. April 5, 2007) ("the Unions' members here have a personal interest in the enforcement of the Ordinance that is more narrow than the City's general interest because they would be among the employees directly affected by the injunction of the Ordinance.").

IBT contends that the State cannot adequately represent its interests because the State must represent not only the employees who benefit from the Labor Subdivisions (like IBT's members), but also the interests of employers that may oppose the regulation of their businesses and the general public. See MTI at 12-15. According to IBT, because of these broader obligations, the State cannot adequately protect the distinct and specific interests that IBT has in ensuring that employers do not misclassify workers as independent contractors. Id.

The Court agrees with IBT, and finds that, consistent with the Ninth Circuit's decisions in Allied Concrete and Mendonca, the IBT has its own "narrow" and/or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-02447-CAS (KKx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | WESTERN STATES TRUCKING ASSOCIATION v. BECERRA, ET AL. | | |

"parochial" interests in maintaining the challenged Labor Subdivisions, distinct from the State's, that would not be adequately represented absent intervention. Additionally, the Court finds that IBT possesses unique and detailed knowledge of the construction trucking industry, as well as specialized knowledge regarding the effects of classifying truckers as independent contractors, and for these reasons finds that IBT also "offers a necessary element to the proceedings that would be neglected" without IBT's participation. Sagebrush, 713 F.2d at 528. The fourth requirement is, for these reasons, satisfied.

\* \* \* \* \*

Having found that IBT meets all four requirements for intervention as of right, the Court concludes that IBT's motion to intervene should be granted. This determination is consistent with decisions taken by other district courts allowing IBT to intervene in related matters. See, e.g., California Trucking Ass'n v. Becerra, No. 18-CV-02458-BEN (BLM), 2019 WL 202313 (S.D. Cal. Jan. 14, 2019) (IBT entitled to intervene in another trucking industry association's challenge to AB 5 under the FAAAA); W. States Trucking Ass'n v. Schoorl, 2018 WL 5920148 (E.D. Cal. Nov. 13, 2018) (IBT entitled to intervene in a case involving challenge to state worker classification laws).[1]

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** IBT's motion to intervene in this action.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | PB |

---

[1] Because the Court concludes that IBT independently meets all four requirements for intervention as of right under Rule 24, it need not reach IBT's arguments that collateral estoppel mandates the same.